Case No. 24-1098

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

DWAYNE B. SEALS,
*Plaintiff-Appellee*,

*v.*

WAYNE COUNTY, MICHIGAN,
*Defendant*,

and

WAYNE COUNTY, MICHIGAN EMPLOYEES' RETIREMENT SYSTEM,
*Defendant-Appellant*.

On appeal from a judgment entered after a jury trial conducted by the U.S. District Court, Eastern District of Michigan, before the Honorable Sean F. Cox

---

### *CORRECTED* REPLY BRIEF OF DEFENDANT-APPELLANT

---

**THE MILLER LAW FIRM, P.C.**
Seth D. Gould (P45465)
Jacob M. Campbell (P83900)
950 W. University Dr., Ste. 300
Rochester, MI 48307
T: (248) 841-2200

**VANOVERBEKE, MICHAUD &
TIMMONY, P.C.**
Robert J. Abb (P76901)
79 Alfred St.
Detroit, MI 48201
T: (313) 578-1200
*Attorneys for Defendant-Appellant*

**NACHTLAW, P.C.**
David A. Nacht (P47034)
501 Avis Dr., Ste. 3
Ann Arbor, MI 48108
T: (734) 663-7550
*Attorneys for Plaintiff-Appellee*

# **Table of Contents**

Table of Authorities ................................................................................. ii

I. INTRODUCTION ...............................................................................1

Wayne County and WCERS ................................................................1

Mr. Seals ...............................................................................................2

Absence of Evidence in the Record ....................................................6

II. LAW AND ANALYSIS........................................................................7

The *Epperly* holding is inapposite and does not prohibit WCERS's appeal. ........7

The District Court erred by granting summary judgment *sua sponte* against WCERS. ..........10

The District Court committed reversible legal error by prematurely ruling Mr. Seals' speech was protected by the First Amendment. .........................11

The District Court committed reversible legal error by prematurely ruling the suspension of Mr. Seals' pension was an adverse action.....................................15

The District Court improperly granted summary judgment in favor of Wayne County (finding no retaliatory intent/no causative role)....................................18

The District Court's jury instructions were improper. ..........................................20

Mr. Seals' purported evidence of retaliatory animus is a red herring.................23

III. CONCLUSION....................................................................................25

CERTIFICATE OF COMPLIANCE .......................................................27

ADDENDUM ..........................................................................................29

## **Table of Authorities**

## **Cases**

*Boulton v. Swanson*, 795 F.3d 526 (6th Cir. 2015)...................................................12

*Brown v. City of Trenton*, 867 F.2d 318 (6th Cir. 1989) .........................................13

*City of Cleveland v. Ohio*, 508 F.3d 827 (6th Cir. 2007) .........................................19

*City of Elyria*, 502 F.3d 484 (6th Cir. 2007)...........................................................12

*Commissioner v. Clark*, 489 U.S. 726 (1989)..........................................................17

*Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98 (6th Cir. 1995) ........................................................................................................................11

*Excel Energy, Inc. v. Cannelton Sales Co.*, 246 Fed. Appx. 953 (6th Cir. 2007) ...11

*Farhat v. Jopke*, 370 F.3d 580 (6th Cir. 2004) ........................................................12

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) ..............................................................14

*Herndon v. Chippewa Valley Schools*, 2023 WL 4140819 (E.D. Mich. 2023)........25

*Hornbeak-Denton v. Myers*, 361 F. App'x. 684 (6th Cir. 2010) .............................18

*In re Sangster*, 340 Mich. App. 60 (2022) ..............................................................16

*Jarrett v. Epperly*, 896 F.3d 1013 (6th Cir. 1990) ..................................................8, 9

*LeMaster v. Lawrence County Kentucky*, 65 F.4th 302 (6th Cir. 2024)........... 20, 22

*Lyons v. Tecumseh Local Sch. Dist.*, 2024 WL 1550872 (6th Cir. 2024) ...............22

*McBride v. Pontiac Sch. Dist. (On Remand)*, 218 Mich. App. 113 (1996)..............16

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) ..................................................9

*Natl. Rifle Ass'n v. Vullo*, 602 U.S. 175 (2024)......................................................22

*Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865 (6th Cir. 2015).............19

*People v. Freedland*, 308 Mich. 449 (1944) ........................................... 2, 5, 17, 21

*Pickering v. Board of Ed. Of Tp. High School Dist. 205, Will County, Illinois*, 391 U.S. 563 (1968)................................................................................................ 13, 14

*Richards v. Perttu*, 96 F.4th 911 (6th Cir. 2024) .....................................................22

*Sensabaugh v. Halliburton*, 937 F.3d 621 (6th Cir. 2019) ......................................18

*Shields v. Charter Twp. of Comstock*, 617 F. Supp. 2d 606 (W.D. Mich. 2009) .....24

*Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, 855 Fed. Appx. 239 (6th Cir. 2021) ................................................................................................7

*Somberg v. Utica Cmty. Schs.*, 908 F.3d 162 (6th Cir. 2018)..................................16

*Taylor v. Keith*, 338 F.3d 639 (6th Cir. 2003) .........................................................13

*Vanguards of Cleveland v. City of Cleveland*, 753 F.2d 479 (6th Cir. 1985)...........19

*VanZandt v. State Employee's Retirement System*, 266 Mich. App. 579 (2005)......16

*Westmoreland v. Sutherland*, 662 F.3d 714 (6th Cir. 2011)....................................12

*Yashon v. Gregory*, 737 F.2d 547 (6th Cir. 1984) ...................................................11

## **Statutes**

MCL § 46.12(a)(28) ...............................................................................17

MCL § 46.12a(28)(a) ............................................................................17

MCL § 600.571 ....................................................................................16

## **Rules**

Fed. R. Civ. P. 56(f)............................................................................10

## I.   INTRODUCTION

Mr. Seals' appeal response brief does not dispute the following material facts:[1]

**<u>Wayne County and WCERS</u>**

- Wayne County and WCERS are separate legal entities. (Stipulations, RE 127, PageID 3720-21)

- WCERS is a pension trust which provides retirement benefits for eligible Wayne County and Wayne County Airport Authority employees, retirees, and their beneficiaries. (*Id.*)

- WCERS is governed by 8 Commissioners. (*Id.*)

- WCERS approves actions if voting results in a quorum in favor of the proposed action. (Stipulations, RE 127, PageID 3722)

- WCERS calculates pension benefits for each retiree in accordance with plan provisions, and accountants audit such calculations each year to ensure they are correct. (Emails, RE 52-2, PageID 1056-57; Meeting Minutes, RE 52-2, PageID 1056-57)

- Wayne County – not WCERS – enforces a return-to-work policy for its employees that requires reemployed retirees to work less than 1,000 hours unless an exception to that policy applies. (Wayne County Policy, RE 80, PageID 3003-04)

- If the reemployed retiree is not subject to an exception and works more than 1,000 hours, Wayne County policy and Michigan law requires that Wayne County instruct WCERS to suspend the employee's pension benefits. (*Id.*)

- Wayne County – not WCERS – decides whether employees are subject to or exempt from the 1,000-hour rule. (Trial Transcript (Macdonald), RE 161, PageID 5022-23)

---

[1] Contrastingly, many of the "facts" Mr. Seals alleges in his brief ***are not*** part of the record, which is why he frequently makes purported statements without any citation.

- One exemption from the 1,000-hour rule is for retirees who return to work as "appointed officials". *See* MCL § 46.12(a)(28).

- This exemption typically applies only to the head "director" of a Wayne County department and his or her chief deputy who is authorized to run the department in the director's absence. (Trial Transcript (Yee), RE 159, PageID 4739-40; Trial Transcript (Grden), RE 161, PageID 5081)

- To qualify for this exception, Wayne County policy and Michigan law requires that Wayne County and its Corporation Counsel consider all five *Freedland* factors, including permanency of the "appointed" position. (Wayne County Policy, RE 80-1, PageID 3029; *People v. Freedland*, 308 Mich. 449 (1944))

## Mr. Seals

- WCERS correctly calculated Mr. Seals' pension benefits based on his particular defined benefit plan which is known as the Legislative Executive Plan. (Trial Transcript (Grden), RE 132, PageID 4109, 4115)

- Mr. Seals' plan calls for his pension benefits, particularly the average final compensation (AFC) component, to be calculated based on the best five years of his income. (Trial Transcript (Grden), RE 132, PageID 4113-14)

- Mr. Seals started complaining to WCERS about the amount of his expected pension benefits in 2014. (Mr. Seals email, RE 13-2, PageID 320-21)

- Mr. Seals claimed, improperly, that his AFC should be calculated using a 4-year standard, which was contrary to the 5-year standard specified in Mr. Seals' defined benefit plan. (Emails, RE 52-2, PageID 1162; Deposition Transcript (Grden), RE 52-5, PageID 2041)

- WCERS repeatedly explained this to Mr. Seals, but to no avail because Mr. Seals continued to baselessly claim that Wayne County/WCERS were cheating him and other black retirees. (Trial Transcript (Seals), RE 130, PageID 3897; Emails, RE 52-2, PageID 1157)

- Mr. Seals retired in late 2016 and continued to take issue with how WCERS had calculated his pension benefits, specifically the AFC figure. (Emails, RE 52-2, PageID 1109–10)

- In early 2017, Mr. Seals returned to work at Wayne County. He joined the Register of Deeds ("ROD") working for Bernard Youngblood. (Jury Instructions (Stipulations), RE 127, PageID 3720)

- In 2017, Wayne County determined Mr. Seals' job at the ROD was exempt from the 1,000-hour rule because it fell within the appointed official exemption. (Trial Brief, RE 80, PageID 3011)

- In accordance with its 1,000-hour policy, Wayne County notified WCERS of its determination regarding Mr. Seals. (*Id.*)

- In 2017, Mr. Seals sent numerous harassing emails to Wayne County and WCERS and spoke at WCERS board meetings about his pension benefits, and again claimed – falsely – that WCERS was cheating him and other black retirees out of pension benefits. (Trial Transcript (Seals), RE 130, PageID 3897; Emails, RE 52-2, PageID 1157)

- In 2017, WCERS reviewed its pension calculations for Mr. Seals and verified that WCERS had properly calculated his benefits. (Trial Transcript (Grden), RE 132, PageID 4114)

- Mr. Seals, nevertheless, continued to complain about his pension calculations. (Seals' emails and letters, RE 52-2, PageID 1090-91, 1094, 1120, 1157-58, 1161-62, and 1188)

- Mr. Seals' complaints caused disharmony at the ROD. (Trial Transcript (Grden), RE 161, PageID 5059-60; Deposition Transcript (Seals), RE 52-3, PageID 1417-18)

- Mr. Seals' boss, Bernard Youngblood, was angry and reprimanded Mr. Seals because he was not getting work done; instead, Mr. Seals was focused on his personal dispute with WCERS on company time (*e.g.*, "Also [your email] was drafted and sent from the office [to WCERS] when we were under a deadline to complete the budget narrative [and] I am concerned your pension dispute is crossing over into our department").

-3-

(Mr. Youngblood email, RE 52-3, PageID 1417-18; RE 83, PageID 3064; Mr. Youngblood email, RE 58-10, PageID 2421)

- In 2019, Mr. Seals left the ROD, and one month later he started working for Wayne County Clerk Cathy Garrett. (Jury Instructions (Stipulations, RE 127, PageID 3721)

- Ms. Garrett created a new position specially for Mr. Seals, what she called her first "quasi-deputy" position. (Wayne County P/HR Requisition Form, RE 52-2, PageID 1028-38; Jury Instructions (Stipulations), RE 127, PageID 3721)

- Contrary to the 1,000-hour policy, Wayne County failed to notify WCERS about Mr. Seals' recent job change or its determination regarding the 1,000-hour rule. (Trial Transcript (Macdonald), RE 161, PageID 5024-25)

- Mr. Seals continued to falsely criticize WCERS about his pension benefits. (Trial Transcript (Seals), RE 159, PageID 4829; Trial Transcript (Grden), RE 161, PageID 5064)

- Mr. Seals advanced the same incorrect argument that he had advanced previously. (*Id.*)

- During a September 30, 2019 WCERS meeting, WCERS reviewed yet another audit and confirmed WCERS had correctly calculated Mr. Seals' pension. (Trial Transcript (Grden), RE 161, PageID 5064-69)

- During this September 30, 2019 meeting, one of the WCERS Commissioners, Mr. Tom Yee, disclosed to his fellow Commissioners that Mr. Seals had recently joined the Clerk's office and Mr. Seals was now Mr. Yee's direct boss. Mr. Yee recused himself from participating in any further WCERS discussions about Mr. Seals. (Trial Transcript (Macdonald), RE 161, PageID 5024-25; Trial Transcript (McDonald), RE 160, PageID 4983;)

- Upon hearing this information from Mr. Yee, WCERS Commissioner, Mr. Hugh Macdonald, asked the Wayne County Corporation Counsel present at this meeting, Mr. Drew Van de Grift, why Wayne County had not notified WCERS about Mr. Seals' job change? (Trial Transcript (Macdonald), RE 161, PageID 5024-25) Mr. Macdonald also asked what

-4-

was Wayne County's 1,000-hour determination for Mr. Seals' new job? (*Id.*)

- Mr. Van de Grift answered he did not know the answer to Mr. Macdonald's questions but promised to investigate and report back to WCERS. (*Id.*)

- Nobody at WCERS instructed Mr. Van de Grift how to investigate or, if applicable, how to decide the 1,000-hour rule for this new position. (Trial Transcript (Van de Grift), RE 160, PageID 4932)

- Mr. Van de Grift initially checked with Wayne County PH/R and learned that, contrary to Wayne County's policy, PH/R had simply assumed that Mr. Seals' new "quasi-deputy" position was exempt without first checking with Wayne County Corporation Counsel. (Trial Transcript (Van de Grift), RE 160, PageID 4943-44)

- He learned that Wayne County PH/R had wrongly relied on a legal memo that Mr. Van de Grift had drafted years earlier regarding Mr. Seals' previous job at the ROD. (Trial Transcript (Van de Grift), RE 160, PageID 4943-44)

- Mr. Van de Grift investigated the facts regarding Mr. Seals' new job and, after applying the five-factor test of *Freedland*, came to a different legal conclusion – that Mr. Seals' new job was ***not*** exempt from the 1,000-hour rule. (Trial Transcript (Grden), RE 161, PageID 5073-74; Trial Transcript (Van de Grift), RE 160, PageID 4945)

- Mr. Van de Grift shared his legal analysis with Wayne County, which determined that Mr. Seals' new job position was not exempt from the 1,000-hour rule and it so informed Mr. Seals and WCERS. (Trial Transcript (Yee), RE 159, PageID 4784-85; Trial Transcript (Seals), RE 160, PageID 4852-53)

- Because of Mr. Seals' prior threats of a lawsuit, WCERS asked its outside legal counsel, Mr. Robert Abb, to perform an independent analysis of this legal question. (Trial Transcript (Stipulations), RE 160, PageID 4960-61; Trial Transcript (Grden), RE 161, PageID 5075-76)

- Nobody at WCERS or Wayne County instructed Mr. Abb how to decide this legal question. (Trial Transcript (Macdonald), RE 161, PageID 5026; Trial Transcript (Grden), RE 161, PageID 5074-75)

- At WCERS's February 24, 2020 meeting, Mr. Abb reported his findings. (Trial Transcript (Stipulations), RE 160, PageID 4960-61; Trial Transcript (Grden), RE 161, PageID 5075-76)

- Mr. Abb independently concluded Mr. Seals' new job at the Clerk's office was not exempt from the 1,000-hour rule and opined that WCERS had no discretion but rather a fiduciary duty to suspend Mr. Seals' pension benefits per Michigan law. (*Id.*)

- At WCERS's February 24, 2020 meeting, WCERS Commissioners voted to suspend Mr. Seals' pension benefits. (Trial Transcript (Stipulations), RE 160, PageID 4960-61; Trial Transcript (Grden), RE 161, PageID 5075-76)

- The Commissioners voted 6-0-1 with Mr. Tom Yee abstaining. (RE 52-2 (Meeting Minutes), PageID 1055)

- Wayne County and WCERS have similarly suspended pensions of other employees holding non-exempt job positions who work more than 1,000 hours. (Trial Transcript (McDonald), RE 161, PageID 5027-28; Trial Transcript (Grden), RE 161, PageID 5077) In other words, WCERS's actions towards Mr. Seals were not unusual or rare.

## Absence of Evidence in the Record

- There is no evidence in the record that Mr. Seals calculated his pension benefits correctly.

- There is no evidence that WCERS disparately treated "black retirees".

- There is no evidence that Wayne County Corporation Counsel or WCERS's legal counsel acted with retaliatory animus.

## II.   LAW AND ANALYSIS

### The *Epperly* holding is inapposite and does not prohibit WCERS's appeal.

Mr. Seals initially argues on appeal that the District Court did not grant summary judgment *sua sponte* in his favor, and that WCERS's appeal should be denied because Sixth Circuit authority prohibits WCERS's appeal of the District Court's denial of WCERS's motion for summary judgment after a jury trial in Mr. Seals' favor. Mr. Seals is wrong.

First, Mr. Seals is judicially estopped from raising this argument on appeal because he argued the *opposite* below repeatedly. (Mr. Seals' MIL, RE 87, PageID 3143-48; Mr. Seals' Trial Brief, RE 83, PageID 3073, 3078; Mr. Seals' proposed jury instructions, RE 123, PageID 3688 ("In this case, the Court has already determined that Mr. Seals has established Element #1 and Element #2.")) *See*, *e.g.*, *Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, 855 Fed. Appx. 239, 243 (6th Cir. 2021) ("Judicial estoppel is intended 'to protect the integrity of the judiciary by preventing a party from convincing two different courts of contradictory positions, which would mean that one of those two courts was deceived.'") (citation omitted). Here, Mr. Seals' argument on appeal is clearly inconsistent with his repeated, contradictory arguments before the District Court.

Contrastingly, WCERS has not flip-flopped. WCERS repeatedly tried to convince the District Court that its summary judgment rulings were merely *prima*

-7-

*facie* (*i.e.*, preliminary) rulings, not final binding rulings. (WCERS' Proposed Jury Instructions, RE 78, PageID 2970-71; Trial Brief, RE 80, PageID 3016-20; Response to MIL, RE 96) Unfortunately, the District Court wrongly agreed with Mr. Seals' arguments to the contrary and ruled that it had previously granted summary judgment in Mr. Seals' favor. (MIL Order, RE 111, PageID 3580, "…the Court RULES that the System is precluded from presenting evidence, or arguing at trial, that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action.")

Second, the Sixth Circuit case upon which Mr. Seals relies, *Jarrett v. Epperly*, 896 F.3d 1013 (6th Cir. 1990), is inapposite to the facts of this case. The defendant in that case moved for summary judgment but the trial judge refused to rule on defendant's motion, taking it under advisement pending close of evidence after a full trial on the merits. After the jury returned a verdict in favor of the plaintiff, the trial court denied defendant's summary judgment motion. Under those unique facts, the Sixth Circuit held the trial court's denial of a motion for summary judgment "was not reviewable on appeal from a final judgment entered after a full trial on the merits." *Id.* at 1024, Fn. 1.

Here, WCERS's appeal concerns the District Court's ***grant*** of summary judgment *sua sponte* in Mr. Seals' favor, which wrongly prevented WCERS from presenting evidence at trial in defense of the first two elements of Mr. Seals' claim.

Accordingly, the jury did ***not*** rule upon, let alone resolve, these issues after "a full trial on the merits."

Third, as Mr. Seals admits, the *Epperly* holding does not apply to purely legal issues. *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("no comparable injustice would flow from appellate review" of the denial of a motion for summary judgment where "the issue is purely one of law."). The vast majority of issues that WCERS raises on this appeal concern purely legal matters, including: (1) the District Court's improper granting of summary judgment in Mr. Seals' favor *sua sponte*; (2) the District Court's improper premature ruling that Mr. Seals' speech was protected speech; (3) the District Court's improper premature ruling that Wayne County's and WCERS's decisions to suspend Mr. Seals' pension benefits were an adverse action; (4) the District Court's failure to show deference to administrative rulings by Wayne County and WCERS; and (5) the District Court's improper jury instructions.

The final, non-legal, issue on appeal concerns the District Court improperly granting summary judgment in favor of co-defendant Wayne County. The *Epperly* holding, however, does not apply to this issue either because *Epperly* is limited to appeals from a district court's ***denial*** of such a motion, not the granting of same. Accordingly, Mr. Seals' *Epperly* argument does not apply to this appeal.

**The District Court erred by granting summary judgment *sua sponte* against WCERS.**

In the alternative, Mr. Seals argues that the District Court committed no legal error even if it granted summary judgment *sua sponte* in Mr. Seals' favor because WCERS purportedly received prior notice from the District Court that it was entertaining a summary judgment ruling against WCERS. Additionally, Mr. Seals argues that WCERS had a full opportunity to advance all evidence and legal arguments before the District Court's ruling and WCERS purportedly did not suffer any prejudice. Mr. Seals is wrong.

First, Mr. Seals has failed to cite any evidence supporting his claim that WCERS received advance notice from the District Court and an opportunity to oppose summary judgment – as Fed. R. Civ. P. 56(f) requires – because the District Court, in fact, provided ***no such notice or opportunity to be heard***. Had the District Court complied with Fed. R. Civ. P. 56(f), WCERS would have attempted to prevent summary judgment, including by offering evidence detailing WCERS's pension calculations, how they correctly conformed to Mr. Seals' pension plan, how such calculations were consistent with pension benefits that WCERS was paying to all other pensioners in Mr. Seals' plan, and by providing additional legal arguments concerning adverse action. Additionally, WCERS would have shown annual internal and external audits confirming WCERS's pension calculations were correct, and all instances where WCERS advised Mr. Seals why his criticisms were baseless. There

were also numerous other examples of Mr. Seals' continuing false claims that Wayne County and WCERS (particularly its Executive Director, Mr. Robert Grden) were cheating him and other black Wayne County retirees, as well as evidence demonstrating how Mr. Seals' criticisms undermined Wayne County's and WCERS's goodwill with Wayne County pensioners and otherwise interfered with their administrative responsibilities.

Second, the cases that Mr. Seals relies on are distinguishable and actually support WCERS's arguments on appeal because, unlike this case, the trial courts in those cases, in fact, ***provided*** advance notice and an opportunity to be heard before they granted *sua sponte* summary judgment against the non-moving party. *See, e.g., Excel Energy, Inc. v. Cannelton Sales Co.*, 246 Fed. Appx. 953, 959–60 (6th Cir. 2007) (notice provided); *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995) (same); *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984) (same).

The District Court's *sua sponte* summary judgment ruling adverse to WCERS violated procedural due process and prejudiced WCERS's ability to successfully defend itself at trial.

**The District Court committed reversible legal error by prematurely ruling Mr. Seals' speech was protected by the First Amendment.**

Mr. Seals next argues that WCERS is precluded from challenging his speech as not protected because WCERS did not assert a defamation counterclaim. Again,

Mr. Seals is wrong. Mr. Seals' cases do not support this argument because there is no such pleading requirement and resulting immunity for defamatory speech. Nor should there be. Sixth Circuit authority holds that if a plaintiff makes false statements intentionally or recklessly, the plaintiff's First Amendment retaliation claim fails ***regardless of whether the defendant asserts a defamation counterclaim***. *See*, *e.g.*, *Farhat v. Jopke*, 370 F.3d 580 (6th Cir. 2004); *City of Elyria*, 502 F.3d 484 (6th Cir. 2007); *Westmoreland v. Sutherland*, 662 F.3d 714 (6th Cir. 2011). Here, the District Court wrongly deprived WCERS of its right to prove Mr. Seals' speech was defamatory.

The District Court also committed legal error by wrongly and prematurely concluding Mr. Seal's criticisms concerned a public matter when the evidence demonstrates the opposite – a very personal and baseless crusade by Mr. Seals that he conducted for several years to get more pension money strictly for himself. On a limited record, and applying the wrong burden of proof which favored Mr. Seals, the District Court improperly analyzed "the point of [Mr. Seals'] speech in question[.]" *Boulton v. Swanson*, 795 F.3d 526, 534 (6th Cir. 2015).

Supreme Court and Sixth Circuit cases hold a complaint regarding personal animosity between coworkers, as here, represents "a classic example of speech concerning internal working conditions affecting only the speaker and co-workers," ***not*** speech which concerns the public. *Taylor v. Keith*, 338 F.3d 639, 645 (6th Cir.

-12-

2003). *See also Connick v. Myers*, 461 U.S. 138, 145-46 (1983) (where the plaintiff speaks "as an employee upon matters only of personal interest … a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."); *Brown v. City of Trenton*, 867 F.2d 318, 322 (6th Cir. 1989) (speech is unprotected "when it is only used as a self-serving tool by a [p]laintiff to seek attention to his very personal lawsuit.").

Here, Mr. Seals sent emails, made statements, and filed a complaint to obtain more pension benefits strictly for himself. He spoke merely as a disgruntled Wayne County employee, not as a private citizen. Mr. Seals has wrongly constitutionalized a mere employee grievance, and a baseless one at that.

The District Court also committed legal error by failing to perform the public-employee balancing test required by *Pickering v. Board of Ed. Of Tp. High School Dist. 205, Will County, Illinois*, 391 U.S. 563 (1968). Mr. Seals first wrongly argues *Pickering* does not apply in this lawsuit because he was not an employee of WCERS, however, he cannot dispute that he was and remains a public employee of Wayne County and that he sued both his employer and WCERS claiming they participated in a conspiracy to deprive him of pension benefits. This argument is meritless "form-over-substance."

-13-

Alternatively, Mr. Seals argues WCERS waived the *Pickering* balancing test because WCERS purportedly did not raise this argument below. Mr. Seals is wrong. In fact, WCERS raised this legal error by the District Court on multiple occasions. (WCERS Trial Brief, RE 80, PageID 3018; WCERS Responses to MILs, RE 95, PageID 3348 and RE 98, PageID 3405; WCERS Proposed Jury Instructions, RE 78, PageID 2972, and WCERS JMOL, RE 133, PageID 4200-01; Reply in Support of Motion for JMOL, RE 142, PageID 4318). Accordingly, WCERS has not waived this argument.[2]

The Supreme Court explains the *Pickering* balancing test is required to determine "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). In this lawsuit, however, there is no evidence that WCERS or Wayne County treated Mr. Seals differently from any other member of the general public. In fact, just the opposite occurred, because Mr. Seals wrongly insisted on, and the jury wrongly awarded him, benefits greater than what Wayne County promised and WCERS paid to other pensioners.

---

[2] The *Pickering* balancing test is also affected by WCERS's recent discovery of Mr. Seals' false testimony at trial. *See* WCERS Rule 60(b)(2) Motion, RE 169, and Motion for Leave (seeking leave to file media files which show Mr. Seals' undisclosed assault/battery which occurred just weeks before the trial), RE 170.

Mr. Seals' repeated complaints also had a detrimental impact on his working relationships with his employer (Seals Deposition, RE 58-2, PageID 2328-2329; Email, RE 58-10, PageID 2421; Trial Transcript (Grden), RE 161, PageID 5060) and with WCERS's staff, many of whom are fellow Wayne County employees. (Email, RE 52-2, PageID 1162; Email, RE 52-2, PageID 1188; Trial Transcript (Grden), RE 161, PageID 5052-53; Seals' personal complaints in 2009/2011, RE 52-2, PageID 5056-60; Seals' personal complaints in 2016/2017, RE 161, PageID 5064-66) Mr. Seals' baseless public criticisms undermined the legitimate goodwill that both Wayne County and WCERS had worked to establish by consistently and fairly paying pensioners what they were owed.

**The District Court committed reversible legal error by prematurely ruling the suspension of Mr. Seals' pension was an adverse action.**

Mr. Seals argues the District Court committed no legal error on adverse action because WCERS presented all of its arguments and, therefore, WCERS was not prejudiced by the District Court's *sua sponte* grant of summary judgment. Mr. Seals conveniently ignores that the District Court improperly made its ruling on adverse action while construing all facts and legal arguments in Mr. Seals' favor and without affording WCERS advance notice and an opportunity to present all evidence and legal arguments in opposition to the District Court's summary judgment order.

In addition to violating Fed. R. Civ. P. 56(f), the District Court's actions were

-15-

contrary to its obligation to deferentially review the administrative, quasi-judicial, decisions of Wayne County and WCERS. *See Somberg v. Utica Cmty. Schs.*, 908 F.3d 162 (6th Cir. 2018) (holding courts must apply the highly deferential "substantial evidence" standard when reviewing administrative agency decisions); *VanZandt v. State Employee's Retirement System*, 266 Mich. App. 579, 584 (Mich. Ct. App. 2005) ("If there is sufficient evidence, the circuit court may not substitute its judgment for that of the agency, even if the court might have reached a different result."); *McBride v Pontiac Sch Dist (On Remand)*, 218 Mich. App. 113, 123 (1996) ("it does not matter that the contrary position is supported by more evidence"); *In re Sangster*, 340 Mich. App. 60, at 67 (2022) (courts must defer to an agency's administrative expertise). How could the District Court's judicial review possibly be characterized as deferential when the District Court construed all facts and legal arguments in Mr. Seals' favor?

In addition, the District Court's legal analysis was not deferential because it was contrary to Michigan law. The District Court wrongly relied on MCL § 600.571 for the proposition that "a financial component of the County Clerk's duties is recognized by statute." (RE 64, PageID 2680.) If this was true, since every function performed through the County Clerk's office could be traced to this statute, every position in the County Clerk's office, from entry level to the highest level, would wrongly satisfy the *Freedland* permanency factor.

The District Court's analysis was also directly contrary to Supreme Court authority which required the District Court to narrowly construe any exceptions to MCL § 46.12(a)(28). *Commissioner v. Clark*, 489 U.S. 726 (1989). Moreover, it was contrary to Wayne County's 1,000-hour policy which expressly states that retires should be "re-employed only when economically prudent and for [a] short duration, and retirants under contract with the County shall not be paid more than 70% of their annual rate at the time of retirement." (Wayne County Policy, RE 80-1, PageID 3029) If a county official, such as Ms. Garrett, can simply create a new position at will for certain retirees and then promptly eliminate that position – which is what occurred here – then the 1,000-hour rule (MCL § 46.12a(28)(a)) is improperly rendered meaningless.

This Court should independently decide if the District Court's interpretation of the *Freedland* test was wrong, especially as this interpretation significantly impacted the deferential discretion that should have been given to Wayne County's decision to suspend Mr. Seals' pension and WCER's legal analysis confirming that decision. It is only because of such legal error that WCERS was not granted summary judgment.

Finally, Mr. Seals argues WCERS's outside legal counsel's letter was adverse action. Mr. Seals, however, conveniently fails to mention that outside counsel sent him this letter ***defensively***, directly and immediately in response to Mr. Seals' email

threatening a lawsuit.[3] (Trial Transcript (Grden), RE 161, PageID 5071) This argument by Mr. Seals, again, is contrary to Sixth Circuit authority. *See*, *e.g.*, *Sensabaugh v. Halliburton*, 937 F.3d 621, 628 (6th Cir. 2019) (letter of guidance issued to coach was not an adverse action that could support First Amendment retaliation claim because it did not change his employment status); *Hornbeak-Denton v. Myers*, 361 F. App'x. 684, 689 (6th Cir. 2010) (threats of legal action are insufficient to constitute adverse action).

The District Court's *sua sponte* summary judgment ruling against WCERS on adverse action violated procedural due process.

**The District Court improperly granted summary judgment in favor of Wayne County (finding no retaliatory intent/no causative role).**

Mr. Seals wrongly challenges WCERS's standing to appeal the District Court's grant of summary judgment in Wayne County's favor, arguing this order only impacted Wayne County, not WCERS. The District Court's order, however, rendered WCERS the sole remaining defendant at trial, even though Wayne County was the party that decided to suspend Mr. Seals' pension benefits. Combined with the District

---

[3] This was not the first time Mr. Seals had threatened WCERS with litigation. (Email, RE 52-2, PageID 963, Mr. Seals: "I'm glad to hear that you are an expert in retirement benefits, because I can assure you that my attorneys will be."); Email, RE 52-2, PageID 1026, Mr. Seals: "Robby [Abb], you can't scare me! … Now go earn your Keep! I can't wait for depositions.").

Court's order wrongly denying WCERS's requested jury instructions on proximate cause and mitigation of damages, the jury was prevented from allocating damages between Wayne County, WCERS, and Mr. Seals. Mr. Seals took advantage of these rulings at trial by intentionally conflating Wayne County's actions with WCERS's actions, which wrongly confused the jury. (Trial Transcript (Grden), RE 161, PageID 5103-05) Under these circumstances, and with no other options on causation, the jury held WCERS solely responsible for suspending Mr. Seals' pension benefits and awarded all damages against WCERS.

In light of this significant prejudice, WCERS has standing to challenge the District Court's summary judgment ruling in favor of Wayne County. *See*, *e.g.*, *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 869 (6th Cir. 2015) (holding a party has standing to appeal if the party is "aggrieved by the judgment or order from which the appeal is taken."); *City of Cleveland v. Ohio*, 508 F.3d at 836 (6th Cir. 2007) ("To be aggrieved in this sense, a party need not be 'formally bound or restricted by' the judgment it appeals from."); *Vanguards of Cleveland v. City of Cleveland*, 753 F.2d 479, 484 (6th Cir. 1985) ("Rather, a party to the case can appeal any final judgment—including a consent decree—that imposes "some detriment" on the party.").

## The District Court's jury instructions were improper.

Evidence at trial proved Wayne County, not WCERS, made the decision to suspend Mr. Seals' pension benefits because Wayne County's 1,000-hour policy required Wayne County to make this decision. Moreover, before WCERS implemented Wayne County's decision, WCERS's Executive Director, Mr. Grden, tried to help Mr. Seals avoid a suspension of his pension, including by suggesting that Mr. Seals become a private contractor rather than remain a Wayne County employee or, alternatively, that Mr. Seals ask his supervisor, Ms. Garrett, to promote him to the Chief Deputy Clerk position, which is an exempt position. (Trial Transcript (Grden), RE 161, PageID 5081-82) Instead, Mr. Seals elected to work more than 1,000 hours in his current role. In light of such evidence, the District Court committed legal error by denying WCERS's proposed jury instructions on proximate cause and mitigation of damages.

The District Court also issued a confusing strict-liability, "but-for", jury instruction on retaliatory animus/causation which improperly did not require the jury to find retaliatory animus by WCERS. Mr. Seals argues this jury instruction conforms to Sixth Circuit jurisprudence. Mr. Seals is incorrect.

The District Court merely copied and pasted language from the holding in *LeMaster v. Lawrence County Kentucky*, 65 F.4th 302 (6th Cir. 2024) while failing to consider the unique facts of this lawsuit, which involved Wayne County deciding

Mr. Seals' new job was not exempt, and then advising WCERS to turn off his pension payments when he refused to work less than 1,000 hours. Relying on the District Court's improper jury instruction, the jury ruled against WCERS simply because a WCERS commissioner, upon learning that Mr. Seals had taken a new position with the County Clerk, asked a Wayne County attorney in attendance at the September 30, 2019 WCERS meeting whether Wayne County had made a 1,000-hour determination for Mr. Seals' new position? As noted above, upon investigating this matter independently, the Wayne County Corporation Counsel learned that when Mr. Seals joined the Clerk's office, Wayne County's PH/R group had wrongly relied on an inapposite legal memo that he had authored concerning Mr. Seals' previous job position at the ROD. After investigating and learning that the Wayne County Clerk had simply created a new "quasi-deputy" position specially for Mr. Seals, and after consideration of the *Freedland* factors, Mr. Van de Grift properly concluded Mr. Seals' new position was ***not*** exempt from the 1,000-hour rule.

The District Court's confusing "but for" causation jury instruction harmed WCERS by predictably allowing the jury to conclude that "but for" Mr. Seals' criticisms, WCERS Commissioner Mr. Yee never would have mentioned that Mr. Seals had recently changed jobs, WCERS Commissioner Mr. Hugh Macdonald never would have asked Wayne County Corporation Counsel to advise WCERS about Wayne County's 1,000-hour-rule determination on Mr. Seals' new position,

and Wayne County and WCERS likely would have continued paying Mr. Seals' pension benefits beyond 1,000 hours. Under these unique circumstances (none of which were present in the *LeMaster* case), the District Court should have required the jury to make an express finding of retaliatory animus by WCERS as WCERS requested. The District Court erred by neglecting to fashion a special jury instruction on causation that was appropriate for the unique facts of this lawsuit.

The District Court's jury instruction is contrary to Sixth Circuit cases decided after *LeMaster*, as well as Supreme Court authority, which have uniformly emphasized the importance of a judge or jury finding retaliatory intent in these kinds of cases. *See*, *e.g.*, *Natl. Rifle Ass'n v. Vullo*, 602 U.S. 175, 203 (2024) (plaintiff must show causal connection between "retaliatory animus" and subsequent injury); *Richards v. Perttu*, 96 F.4th 911, 918-919 (6th Cir. 2024) (adverse action must be motivated in substantial part by a desire to punish an individual for exercising a Constitutional right); *Lyons v. Tecumseh Local Sch. Dist.*, 2024 WL 1550872 (6th Cir. 2024) (same). Therefore, WCERS asks this Court for an order vacating the District Court's judgment against WCERS, remanding the case for a trial which includes WCERS's proposed jury instructions on proximate causation, mitigation of damages, and retaliatory animus.

## Mr. Seals' purported evidence of retaliatory animus is a red herring.

Mr. Seals' appeal response brief includes purported evidence of retaliation offered by WCERS Commissioner Mr. Yee who testified that at the September 30, 2019 WCERS's board meeting, WCERS Commissioners were displeased with Mr. Seals' claim that WCERS was cheating black retirees, the other WCERS Commissioners learned of Mr. Seals' new job at this meeting, in response, Mr. Hugh Macdonald asked the Wayne County attorney to advise WCERS about Wayne County's 1,000-hour rule determination on this new position, and WCERS Commissioner Ms. Bettye Misuraca purportedly quipped "that should shut him up" – in reference to Mr. Seals.[4]

It is undisputed that Mr. Yee recused himself from all WCERS pension discussions and decisions regarding Mr. Seals after the September 30, 2019 meeting, and, due to his conflict of interest, he routinely exited from WCERS meetings before such discussions. Accordingly, by his own admission, Mr. Yee did not participate in WCERS's discussions at the December 16, 2019 meeting when Wayne County

---

[4] WCERS witnesses strongly disputed this testimony by Mr. Yee, including Mr. Macdonald who has known Ms. Misuraca for more than 60 years. The District Court also warned Mr. Seals' counsel of potential sanctions for this inquiry at trial. (Trial Transcript (Yee), RE 159, PageID 4726-27, "…this witness [Mr. Yee] has a hard time answering direct questions [and] you're not going to get into any further purported allegations … of racial animus. [M]y concern is that [Ms. Misuraca] may not be able to defend [herself and] decades of community service, of civil rights … [may be] destroyed by this witness who floats all over the place.")

Corporation Counsel Mr. Drew Van de Grift explained his legal memo which concluded Mr. Seals' new job was not exempt from the 1,000-hour rule. Similarly, Mr. Yee did not participate in the WCERS February 24, 2024 meeting when WCERS discussed and decided to proceed with the suspension of Mr. Seals' pension benefits. (Sept. 2019 Meeting Minutes, RE 52-2, PageID 1022; Dec. 2019 Meeting Minutes, RE 52-2, PageID 1131-32 ("Mr. Yee abstained due to a conflict of interest and did not participate in the closed session"); Feb. 2020 Meeting Minutes, RE 52-2, PageID 1049-55 ("Mr Yee abstained due to a conflict of interest, as Mr. Seals is his direct supervisor")

Notably, Mr. Seals has not disputed that WCERS approves actions by a vote of all Commissioners, not just one, and Section 141-35 of the Wayne County Retirement Ordinance requires a quorum vote for any business to be passed. Moreover, WCERS's vote to suspend Mr. Seals' pension benefits was 6-0 with a single abstention vote by Mr. Yee. Accordingly, WCERS's motion to approve Wayne County's decision to suspend Mr. Seals' pension would have passed regardless of Ms. Misuraca's vote in its favor. Under these circumstances, the purported quip offered by a single Commissioner, even if true, cannot, as a matter of law, represent retaliatory animus by the entire WCERS Commission. *See*, *e.g.*, *Shields v. Charter Twp. of Comstock*, 617 F. Supp. 2d 606, 616 (W.D. Mich. 2009) ("The First Amendment does not allow Plaintiff to transform this political defeat [at a board

meeting] into a civil damages action merely because some members of the Board may have disagreed with the substance of his allegations."); *see also Hernden v. Chippewa Valley Schools*, 2023 WL 4140819, at *3 (E.D. Mich. 2023) (discussion on majority votes taken by members subject to Michigan's Open Meetings Act). This is especially the case for a decision that WCERS made on February 24, 2020, ***almost five months after*** Ms. Misuraca purportedly made her disputed comment at the WCERS September 30, 2019 meeting. Mr. Seals' purported evidence of retaliation by WCERS is insufficient as a matter of law.

## III.    CONCLUSION

The District Court deprived WCERS of procedural due process and a fair trial by wrongly preventing WCERS from presenting a full defense at trial. The jury verdict wrongly stands for the proposition that following the law can lead to an actionable constitutional violation, which begs the question – what else was WCERS supposed to do when it first learned of Mr. Seals' job change? Not ask Wayne County what its determination was for this new position? That wasn't even an option because WCERS's Commissioners are fiduciaries and have a ***legal duty*** to ask that question of Wayne County – WCERS should not be punished for asking that question.

In fact, this case never should have gone to the jury because Mr. Seals' speech was not protected, and the District Court should have shown deference to the

independent legal analyses of Mr. Van de Grift and Mr. Abb, as well as the independent administrative decisions by Wayne County and WCERS.

For these and other reasons, WCERS respectfully requests an order of this Court vacating the judgment in Mr. Seals' favor, remanding the case for a proper determination on all elements of Mr. Seals' claim, including, if necessary, a retrial of this lawsuit with appropriate jury instructions, and/or such other relief as the Court deems necessary and just.

Respectfully submitted,

THE MILLER LAW FIRM, P.C.

/s/ Seth D. Gould
Seth D. Gould (P45465)
Jacob M. Campbell (P83900)
950 W. University Dr., Ste. 300
Rochester, MI 48307
T: (248) 841-2200
F: (248) 652-2852
Email: sdg@miller.law
Email: jc@miller.law

VANOVERBEKE, MICHAUD, TIMMONY, P.C.

Robert J. Abb (P76901)
79 Alfred St.
Detroit, MI 48201
T: (313) 578-1200
Email: rabb@vmtlaw.com

*Attorneys for Defendant-Appellant*

Dated: October 10, 2024

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing reply brief complies with the type-volume limitations in Fed. R. App. 32(a)(7)(B) because, as counted by the word-count tool used by Microsoft Word, the application used to prepare this brief, the word count is 6,482 words, and the typeface requirements in Fed. R. App. P. 32(a)(5) are satisfied by using 14-point Times New Roman font.

THE MILLER LAW FIRM, P.C.

/s/ Seth D. Gould
Seth D. Gould
*Attorneys for Defendant-Appellant*

# <u>CERTIFICATE OF SERVICE</u>

I, Seth D. Gould, hereby certify that on October 10, 2024, I filed Appellant's Corrected Reply Brief electronically through Pacer (CM/ECF), thereby providing notice to counsel of record.

THE MILLER LAW FIRM, P.C.

/s/ Seth D. Gould
Seth D. Gould
*Attorneys for Defendant-Appellant*

**ADDENDUM**

Pursuant to 6 Cir. R. 28(b)(1)(A)(i), WCERS designates the following docket entries referenced in its reply brief and from the District Court case, *i.e*., Case No. 2:20-cv-11272 in the U.S. District Court, Eastern District of Michigan:

| RE | Description | Page ID Range |
|---|---|---|
| 13-2 | Mr. Seals' Email | 320-321 |
| 52-2 | Mr. Seals' 2/10/14 Email | 963 |
| 52-2 | Mr. Seals' 2/11/20 Email | 1026 |
| 52-2 | Wayne County P/HR Requisition Form | 1028-1038 |
| 52-2 | Emails and Meeting Minutes | 1022, 1049-1057, 1109-1110, 1131-1132, 1157, 1162 |
| 52-2 | Seals' Emails and Letters | 1090-1091, 1120, 1157-1158, 1161-1162, and 1188 |
| 52-2 | Seals' Personal Complaints in 2009/2011 | 5056-5060 |
| 52-3 | Mr. Youngblood's Email | 1417-1418 |
| 52-3 | Deposition Transcript (Seals) | 1417-1418 |
| 52-5 | Deposition Transcript (Grden) | 2041 |
| 58-2 | Deposition Transcript (Seals) | 2328-2329 |
| 58-10 | Mr. Youngblood Email | 2421 |

| 64 | Summary Judgment Opinion and Order | 2680 |
|---|---|---|
| 78 | WCERS Proposed Jury Instructions | 2970-71, 2972 |
| 80 | Wayne County Policy | 3003-3004 |
| 80 | WCERS' Trial Brief | 3011, 3016-20, 3018 |
| 80-1 | Wayne County Policy | 3029 |
| 83 | Mr. Youngblood's Email | 3064 |
| 83 | Mr. Seals' Trial Brief | 3073, 3078 |
| 87 | Mr. Seals' Motion in Limine (Law of the Case) | 3143-3148 |
| 95 | WCERS' Response to Motion in Limine (Pension Calculation Evidence) | 3348 |
| 96 | WCERS' Response to Motion in Limine (Law of the Case) | |
| 98 | WCERS' Response to Motion in Limine (Seals' Communications) | 3405 |
| 111 | Opinion and Order on Various Motions in Limine | 3580 |
| 123 | Mr. Seals' Proposed Jury Instructions | 3688 |
| 127 | Jury Instructions (Stipulations) | 3720-3722 |
| 130 | Trial Transcript (Seals) | 3897 |
| 132 | Trial Transcript (Grden) | 4109-4115 |

| 133 | WCERS' Motion for Judgment as a Matter of Law (or New Trial) | 4200-4201 |
|---|---|---|
| 142 | WCERS' Reply Brief in Support of Motion for Judgment as a Matter of Law (or New Trial) | 4318 |
| 159 | Trial Transcript (Yee) | 4726-4727, 4739-4740, 4784-4785 |
| 159 | Trial Transcript (Seals) | 4829 |
| 160 | Trial Transcript (Van de Grift) | 4932, 4943-4945, |
| 160 | Trial Transcript (Seals) | 4852-4853 |
| 160 | Trial Transcript (Stipulations) | 4960-4961 |
| 160 | Trial Transcript (McDonald) | 4983 |
| 161 | Trial Transcript (Macdonald) | 5022-5028 |
| 161 | Trial Transcript (Grden) | 5052-5053, 5059-5060, 5064-5069, 5071, 5073-5076, 5081-5082, 5103-05 |
| 161 | Seals' Personal Complaints in 2016/2017 | 5064-5066 |
| 169 | WCERS' Motion to Vacate Judgment (Rule 60(b)(2)) | |
| 170 | Motion for Leave to File Media Files (Video Evidence of Seals' Assault/Battery Incident) | |